UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
IN RE:

GENERAL MOTORS LLC IGNITION SWITCH
LITIGATION

*This Document Relates to All Actions*

------------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

**ORDER NO. 46**

JESSE M. FURMAN, United States District Judge:

**[Governing Deposition Privilege Issues Under Federal Rule of Evidence 502(d)]**

Defendants and Lead Counsel for the MDL Plaintiffs, including members of Plaintiffs' Executive Committee and Liaison Counsel, having consented thereto, and for good cause shown,

WHEREAS, Plaintiffs have requested the depositions of a number of witnesses who are present or former employees or officers of General Motors Company, General Motors LLC, General Motors Corporation, or their outside counsel, subsidiaries, or agents (for the purposes of this Order, referred to as "GM Witnesses"); and

WHEREAS, General Motors LLC ("New GM") believes that such depositions will likely raise issues concerning certain communications and other information that are otherwise protected from discovery by the attorney-client privilege, the work product protection, or other privileges and protections as described in paragraph 3 of this Order ("Privilege Issues"); and

WHEREAS, the parties have met and conferred to narrow the scope of their disputes concerning the Privilege Issues; and

WHEREAS, New GM has agreed not to instruct GM Witnesses not to answer certain questions (on the basis of privilege) concerning the Privilege Issues, as set forth herein, on the condition that, among other things, allowing GM Witnesses to answer such questions will not waive the attorney-client privilege or the work product protection or other privileges and

1

protections with respect to any undisclosed communications or information including opinion work product that is not disclosed during the depositions ("Undisclosed Information"); and

WHEREAS, Plaintiffs have agreed not to assert that testimony concerning the Privilege Issues in the MDL depositions waives the attorney-client privilege or the work product protection or other privileges and protections with respect to any Undisclosed Information, provided New GM does not offensively use nor make a selective or misleading presentation concerning the Privilege Issues during the depositions, as set forth in paragraph 6, below.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Privilege Issue testimony, including the substance and the content thereof, shall be subject to and governed by the terms of this Order ("Rule 502(d) Deposition Order" or "Order"), as set forth below.

The purpose of this Order is to expedite the flow of discovery material, and to facilitate prompt resolution of disputes over privilege, pursuant to the Court's inherent authority, its authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), and judicial opinions interpreting such Rules.

1. *Rule 502(d) Documents*. The parties believe that Privilege Issues may arise from questioning related to the following categories of documents that have been or will be produced into the federal MDL Document Depository pursuant to the Court's entry of the following orders under Rule 502(d) of the Federal Rules of Evidence ("Rule 502(d) Documents"):

    a.    <u>Order No. 23 Documents</u>: New GM has agreed to produce into the MDL Document Depository certain documents that were previously identified on privilege logs that were shared with or provided to the United States government, including Congress or any other agency or department thereof. (14-MD-2543 Docket No. 404, ¶ 2). New GM's agreement to produce these documents was expressly subject to the

Court's entry of Order Number 23, which was entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  (*Id.* ¶ 6(a)-(c)).

      b.      <u>Additional Rule 502(d) Documents</u>:  In addition to the Order No. 23 Documents, New GM has also agreed to produce into the federal MDL Document Depository certain additional New GM documents that New GM believes are protected from discovery by the attorney-client privilege, the work product protection, or other privileges and protections and which were shared with or provided to the United States government, including Congress or any other agency or department thereof, including documents that may be responsive to Plaintiffs' March 6, 2015 Second Set of Consolidated Requests for Production of Documents.

    2.    *Outside Counsel Reports*.  New GM has also produced into the federal MDL Document Depository certain reports of internal investigations conducted by outside counsel, including the Valukas Report (collectively, "Outside Counsel Reports").

    3.    *Privilege Issues*.  The parties anticipate that questions concerning Rule 502(d) Documents and Outside Counsel Reports will raise concerns over the applicability of and scope of privilege protections and potential subject-matter or fairness waiver risks related to allowing GM witnesses to respond to questioning regarding such documents.  In an effort to narrow disputed issues and to eliminate or reduce potential disruptions in the MDL depositions, New GM has agreed not to instruct GM Witnesses not to answer questions (on the basis of privilege) as follows:

      a.      <u>Rule 502(d) Documents</u>: If an examiner shows a deponent a Rule 502(d) Document, New GM will not instruct the witness not to answer questions, on the basis of privilege, concerning: (i) the text of the Rule 502(d) Documents (or the text of another Rule 502(d) Document or Outside Counsel Report that is also shown to the

witness); and/or (ii) the witness's personal knowledge regarding the accuracy of facts set forth in text of the Rule 502(d) Documents.  If an examiner shows a deponent portions of Rule 502(d) Documents that reference, quote, or excerpt a portion of a privileged communication, New GM will not instruct the witness not to answer, on the basis of privilege, questions about the remainder of that disclosed communication.

  b. <u>Outside Counsel Reports</u>: If an examiner shows the deponent materials from Outside Counsel Reports, New GM will not instruct the witness not to answer questions, on the basis of privilege, concerning (i) the text of the Outside Counsel Reports (or the disclosures in the text of another Outside Counsel Report or Rule 502(d) Document that is also shown to the witness); and/or (ii) the witness's personal knowledge regarding the accuracy of facts set forth in the text of Outside Counsel Reports.  If an examiner shows a deponent portions of Outside Counsel Reports that reference, quote, or excerpt a portion of a privileged communication, New GM will not instruct the witness not to answer, on the basis of privilege, questions about the remainder of that disclosed communication.

 4. New GM's agreement not to instruct GM Witnesses not to answer certain questions is expressly subject to and covered by, among other things, the entry of this Rule 502(d) Order.

 5. *Waiver Regarding Privilege Issues; No Subject Matter Waiver.* This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.

  a. By allowing GM Witnesses to answer Plaintiffs' (or any other non-GM-party's) questions in accordance with paragraph 3, above, New GM has not waived any attorney-client privilege or work product protection or other privileges and protections

4

as to any Undisclosed Information and its subject matter, and fairness does not require production of any such Undisclosed Information and its subject matter.

b. Allowing GM Witnesses to answer Plaintiffs' (or any other non-GM-party's) questions in accordance with paragraph 3, above, shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product protection or other privileges and protections that New GM would otherwise be entitled to assert with respect to the Undisclosed Information and its subject matter in this proceeding or in any other federal or state proceeding.

c. The disclosure of information in accordance with paragraph 3, above, shall not constitute and shall not be deemed or considered a subject matter waiver of the attorney client, work product, or of any other privilege or protection by New GM.

6. *No Offensive Use*. Plaintiffs' agreement to the entry of this Rule 502(d) Deposition Order is expressly subject to New GM's representation that it will not affirmatively cite, quote from, reference or elicit testimony (collectively referred to herein as "offensive use") from GM Witnesses regarding the Rule 502(d) Documents or Outside Counsel Reports during the depositions.

a. <u>Responses to non-New-GM-questions</u>. A witness's reference to the Valukas Report (or other Outside Counsel Reports) or Rule 502(d) Documents in response to a question from Plaintiffs (or any other non-New-GM party) shall not be considered offensive use under the terms of this Order provided the witness's answer is responsive to the question. Plaintiffs shall notify counsel for New GM within 10 days after the deposition if they believe that a GM Witness's answer is both non-responsive and constitutes offensive use of an Outside Counsel Report or 502(d)

5

Documents.  New GM shall have 7 days to disavow any intent to use the testimony offensively, or to argue that the answer is responsive or not an offensive use.  In the event that New GM does not disavow future use or, alternatively, does not provide an explanation that Plaintiffs believe is satisfactory for why the answer is responsive or not an offensive use, Plaintiffs may seek Court relief or guidance on any waiver issues.

    b.    <u>Court relief</u>.  Nothing in this Order shall be construed to preclude Plaintiffs from seeking relief from the Court on fairness or subject-matter waiver issues based on a good-faith belief that New GM has offensively used or made a selective or misleading presentation concerning the Rule 502(d) Documents or Outside Counsel Reports.

    c.    <u>Reservation of rights</u>.  New GM reserves the right to cite, quote from, reference or elicit testimony from GM Witnesses regarding the Rule 502(d) Documents or Outside Counsel Reports shown to GM witnesses by Plaintiffs under the rule of completeness if an examiner affirmatively quotes from or relies on specific parts of particular Rule 502(d) Documents or Reports in a selective manner, and New GM determines that it would be unfair not to allow New GM to have the opportunity to ask the deponent questions about other parts of the same Rule 502(d) Documents or Reports shown to GM witnesses by Plaintiffs in order to make the selective quotation not misleading.  Such use shall not constitute offensive use and shall not result in a waiver of any attorney-client privilege or work product protection or other privileges and protections as to any Undisclosed Information, provided the answers elicited from GM Witnesses are limited to information disclosed in the text of, and to the scope of Plaintiffs' examination with respect to, the particular Rule 502(d) Documents or Reports shown to GM witnesses by Plaintiffs.

6

7. *Instructions Not to Answer.* New GM may instruct GM Witnesses not to answer questions that seek disclosure of privileged information other than the information described in paragraph 3 above, including but not limited to the following:

    a.    <u>Interview Materials</u>.  New GM may instruct a GM witness not to disclose the substance of communications between the witness and New GM's outside counsel or in-house attorneys (or their agents) that occurred during interviews conducted or other communications made in connection with the Outside Counsel Reports; and New GM may instruct the witness not to answer questions that would elicit any such information.

    b.    <u>Rule 502(d) Documents</u>: New GM may instruct a GM Witness not to disclose the substance of privileged communications that are not disclosed in the text of Rule 502(d) Documents; and New GM may instruct the witness not to answer questions that would elicit any such information.

8. *Efforts to Minimize Disputes and Disruptions.* Defendants and Plaintiffs shall use good-faith efforts to adhere to this Order and to avoid unnecessary disruptions or privilege disputes during the MDL depositions.  New GM shall use good-faith efforts to allow witnesses to answer questions in accordance with the terms of this Order, and Plaintiffs shall use good-faith efforts to avoid asking questions regarding Interview Materials and/or Rule 502(d) Documents that will draw instructions not to answer under paragraph 7(a)-(b) of this Order.

9. *January 15, 2015 Interview Materials Order.*  Nothing in this Order is intended to or should be construed to modify, supersede, or otherwise alter the Court's January 15, 2015 Order and Opinion (14-MD-2543 Docket No. 531), and thus that Opinion remains in full force and effect.

10. Nothing in this Order is intended to or should be construed to limit any parties' rights to instruct witnesses not to answer or to ask witnesses any questions as otherwise permitted by the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: April 6, 2015
New York, New York

JESSE M. FURMAN
United States District Judge